# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MONICA FARR,**

          Plaintiff,

    -vs-                                                                                 **Case No. 11-C-789**

**PAUL PAIKOWSKI,**
**DAVID FEYEN,**

          Defendants.

## DECISION AND ORDER

This is a civil rights lawsuit, wherein Monica Farr alleges that the defendants, police officers for the Waukesha Police Department, arrested and held her without probable cause. Before filing suit, Ms. Farr sent a settlement demand letter along with a draft copy of the complaint, indicating that if the defendants were not interested in settlement, she would file a lawsuit. After receiving the letter, the police department initiated an internal investigation of Farr's allegations, ultimately refusing to engage in settlement discussions. In the course of discovery, Ms. Farr seeks production of the documents created during that investigation. Defendants assert that the documents are protected by the work product doctrine.

"Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). The doctrine is intended to protect attorney thought process and mental

impressions, as well as to "limit the circumstances in which attorneys may piggyback on the fact-finding investigation of their more diligent counterparts." *Sandra T.E. v. S. Berwyn Sch. Dist.*, 600 F.3d 612, 622 (7th Cir. 2010). The party asserting the doctrine bears the burden of establishing its elements. *Caremark, Inc. v. Affiliated Computer Servs., Inc.*, 195 F.R.D. 610, 616 (N.D. Ill. 2000). "The person preparing the materials may be any representative of the client, regardless of whether the representative is acting for the lawyer." *Grochocinski v. Mayer Brown Row & Maw LLP*, 251 F.R.D. 316, 321 (N.D. Ill. 2008).

The key phrase in the rule is whether the documents were produced "in anticipation of litigation." "Prudent parties anticipate litigation, and begin preparation prior to the time suit is formally commenced. Thus the test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because* of the prospect of litigation." *Binks Mfg. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1118-19 (7th Cir. 1983) (quoting 8 Charles Alan Wright & Arthur R. Miller Federal Practice & Procedure, § 2024) (emphasis in original). In the cited treatise, Professors Wright and Miller continue by observing that "the converse of this is that even though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of the litigation." *Id.*, § 2024. Accordingly, the distinction between whether an "in house" report was prepared in the "ordinary course of business" or was "work product in anticipation of litigation" is "an important one." *Binks* at 1119 (quoting *Janicker v. George Washington Univ.*, 94 F.R.D. 648, 650 (D.D.C. 1982)). "The fact that a defendant anticipates the

contingency of litigation resulting from an accident or event does not automatically qualify an 'in house' report as work product. . . . A more or less routine investigation of a possibly resistable claim is not sufficient to immunize an investigative report developed in the ordinary course of business. . . . While litigation need not be imminent, *the primary motivating purpose behind the creation of a document or investigative report must be to aid in possible future litigation.*" *Id.* (quoting *Janicker*) (emphasis added).

In resisting production, the defendants emphasize the timing of the investigation, arguing that it was initiated only because Ms. Farr threatened to file suit. While the "identification of a point in time after which litigation is reasonably anticipated is a legitimate and useful exercise, the protection afforded by the work product rule does not depend solely on the fact that a document was produced after that point in time, but depends primarily on the reason or purpose for the document's production." *Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655, 661 (S.D. Ind. 1991). It is obvious that the investigation was prompted by Ms. Farr's settlement demand/threat to file suit, but this does not speak to the purpose for the document's production. As stated above, the primary purpose must be to aid in possible future litigation. An investigation into employee misconduct is an ordinary business undertaking, and the Court cannot presume that the primary purpose for the investigation was to prepare for trial simply because it was generated in response to a settlement demand. Defendants concede that internal police department investigations are conducted in the absence of pending litigation, so the ultimate question is whether *this* investigation would have been conducted without the threat of a lawsuit. The defendants are

-3-

Case 2:11-cv-00789-RTR   Filed 07/31/12   Page 3 of 4   Document 17

strangely silent on this point, and since it is their burden to establish the elements of the rule, the Court must take their silence as a concession that the primary purpose for generating these documents was not for use in the resulting lawsuit. *See, e.g., Compton v. Allstate Prop. & Cas. Ins. Co.*, 278 F.R.D. 193, 196 (S.D. Ind. 2011) (a "dual purpose" document that serves "both litigation and ordinary business purposes" may be protected work product only if it meets the "primary purpose" test set forth in *Binks*).

The defendants also argue that Farr failed to show that she has a "substantial need for the materials to prepare [her] case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). As Ms. Farr's counsel explains, David Feyen "could remember virtually nothing of the incident of Ms. Farr's being pulled over, arrested, and detained" at his deposition. "[T]herefore, the internal investigation completed . . . at a time closer to Ms. Farr's arrest, when the events may have been more fresh in Defendant Feyen's mind, are essential, as it may be the only clue to his version of the facts." ECF No. 14, Declaration of Andrea Farrell, ¶ 13. This is sufficient to demonstrate substantial need and the inability to obtain the materials elsewhere.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** Farr's motion to compel [ECF No. 13] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2012.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**