**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**MONICA FARR,**

                      Plaintiff,

         -vs-                                     **Case No. 11-C-789**

**PAUL PAIKOWSKI,
DAVID FEYEN,**

                      Defendants.

---

## DECISION AND ORDER

---

    Monica Farr was arrested by City of Waukesha police detectives and held for 2 ½ hours before she was released without being charged with a crime. On cross-motions for summary judgment, the Court held that the defendants had probable cause to arrest Ms. Farr, but that detaining her for any period of time violated the Fourth Amendment because the defendants had no intention of charging Farr with a crime. *Farr v. Paikowski*, 2013 WL 160268 (E.D. Wis. Jan. 14, 2013). The defendants move to reconsider the latter holding. District judges have inherent authority to reconsider an interlocutory order because such orders are subject to revision at any time before the entry of judgment adjudicating all the claims. Fed. R. Civ. P. 54(b); *Jackson v. McKay-Davis Funeral Home*, No. 07-C-1037, 2012 WL 5423739, at *1 (E.D. Wis. Nov. 6, 2012).

    As the Court explained, the defendants concede that the "real purpose for arresting Farr was simply to interrogate her about the man involved in the Complete Car Care incident

and then let her go. This concession renders Farr's detention *per se* unreasonable under *Gerstein* [*v. Pugh*, 420 U.S. 103 (1975)]." *Farr*, 2013 WL 160268 at *7. To make the record clearer, this factual conclusion is based upon Farr's proposed findings of fact, paragraph 190, which states that Ms. Farr "was never going to be held for bail; she was never going to be held beyond the scope of trying to find out what happened." ECF No. 40. This finding is grounded in the following exchange during Detective Paikowski's deposition testimony:

> A ...Regardless of the outcome of this investigation, she was on her way, regardless of the outcome on an obstructing.
>
> Q Meaning?
>
> A Meaning that she was never going to be held for bail. She was never going to be held beyond the scope of trying to find out what happened here.

ECF No. 21-6, p. 109, lines 1-7.

The defendants argue that the Court erred when it concluded that Farr's arrest was pretextual because any questioning about her alleged obstruction would necessarily relate to the underlying incident that precipitated the investigation – the threatened arson. This assertion is true, so far as it goes, but it begs the question about the defendants' motivation for detaining Ms. Farr in the first instance. If Farr was detained while the "administrative steps incident to arrest" were being completed, her detention would not have been in violation of *Gerstein*. But the admission that Farr was never going to be charged with a crime means that even though the defendants had probable cause to arrest her, they could not arrest and then detain her simply because they hoped she would help with their investigation.

-2-

Indeed, Farr was only released when the defendants finally concluded that she was not going to help them. Essentially, the defendants argue that the existence of probable cause for the arrest allows them to conduct or try to conduct a custodial interrogation. *See, Dunaway v. New York*, 442 U.S. 200 (1979). But *Gerstein* presumes the existence of probable cause. *See Gerstein* at 113-14 ("a policeman's on-the-scene assessment of probable cause provides legal justification for arresting a person suspected of crime, and for a brief period of detention to take the administrative steps incident to arrest"). *Gerstein* deals with an entirely separate issue – the reasonableness of detention following a warrantless arrest.[1]

Finally, in response to the defendants' motion to reconsider, Ms. Farr argues that the Court should reverse its finding of probable cause because the defendants argued that their investigation could have revealed information that would have led them to decide to file a criminal complaint, which Farr takes as a concession that the defendants did not have probable cause to arrest her in the first instance. As the Court explained, probable cause to arrest for obstruction was "established by Farr's previous interactions with Officer Mailloux, which Paikowski learned about by speaking to Mailloux and reading his report. Both men reasonably thought that Farr was lying because her explanation about how she picked up a complete stranger to help her find a shop to fix her flat tire seemed convoluted and absurd." 2013 WL 160268, at *6. The defendants' ultimate decision to file or not to file criminal charges has nothing to do with the existence of probable cause at the time of the arrest.

---

[1] For example, in a case cited by the defendants, *Chortek v. City of Mil.*, 356 F.3d 740 (7th Cir. 2004), the plaintiffs were arrested outside the Bradley Center for scalping tickets and detained for varying periods of time. The delay was justified under *Gerstein* because of the time it took to process the citations at a busy police precinct. The delay would not have been justified if the police never intended to issue citations to the scalpers.

-3-

Defendants' motion for reconsideration [ECF No. 42] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 25th day of March, 2013.

                                          **BY THE COURT:**

                                          */s/ Rudolph T. Randa*
                                          **HON. RUDOLPH T. RANDA**
                                          **U.S. District Judge**